UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFFI H. KAJBEROUNI,<br><br>Plaintiff,<br><br>v.<br><br>BEAR VALLEY COMMUNITY SERVICES DISTRICT, a California public entity, et al.,<br><br>Defendants. | No. 1:19-cv-01703-DAD-JLT<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. Nos. 20, 24) |

## BACKGROUND

Plaintiff Raffi H. Kajberouni filed this action against defendants Bear Valley Community Services District and the Bear Valley Springs Police Department on December 6, 2019. (Doc. No. 1 ("Complaint").) The Complaint contains one federal claim brought under the Fair Labor Standards Act and one state law claim under California's Private Attorney General Act. (*Id.* at 4–5.) In support of these claims, plaintiff alleged in a single sentence that he "worked for Bear Valley Springs Police Department (BVSPD) and co-employer Bear Valley Community Services District (BVCSD), which required him and other officers to don and doff their uniforms and load their patrol vehicle with artillery, but failed to compensate said officers for such work." (*Id.* at 5.)

On March 3, 2020, defendants moved to dismiss the case under Rule 8(a) of the Federal Rules of Civil Procedure, arguing that the Complaint's allegations "fail[] to meet even the most

1

basic pleading requirements." (Doc. No. 8 at 5.) Plaintiff failed to respond to the motion to dismiss. On December 3, 2021, the court granted defendants' motion based on plaintiff's lack of response to the pending motion, which the court construed as a non-opposition to the granting of that motion. (Doc. No. 16 at 2 (citing *See Way v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-02244-TLN-KJN, 2019 WL 1405599, *1 (E.D. Cal. Mar. 28, 2019) (granting unopposed motions to dismiss where plaintiff filed statement of non-opposition)).) By virtue of the fact that plaintiff failed to oppose the motion to dismiss, the court likewise concluded that plaintiff had failed to advance any basis upon which the court could conclude the complaint could be cured by amendment. The court therefore dismissed the action with prejudice. (*Id.* (citing *Kristensen v. Expansion Capital Grp., LLC*, No. CV 16-982-JW, *1 (C.D. Cal. July 19, 2016) (granting unopposed motion to dismiss with prejudice and without leave to amend based on analogous local rule)).) The clerk of court entered judgment the same day: December 3, 2021. (Doc. No. 17.)

On January 4, 2021, plaintiff filed a motion for reconsideration of the court's judgment, arguing, among other things, that the court "committed either a clear error or made an initial decision that was manifestly unjust" by dismissing the complaint with prejudice and without leave to amend and in light of the fact that plaintiff's counsel "genuinely believed" that she had filed an amended complaint in mid-April 2020. (Doc. No. 24.)[1] Defendants filed an opposition to the motion for reconsideration. (Doc. No. 25.)

## ANALYSIS

### A.     Effect of Notice of Appeal

The court notes that plaintiff filed a notice of appeal from the judgment on January 4, 2021, the same day on which plaintiff filed the pending motion for reconsideration. (*See* Doc. No. 18.) As a general rule, the filing of a notice of appeal divests the court of jurisdiction "over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir.

---

[1] Plaintiff filed the motion initially on January 4, 2021, but in so doing set the motion for hearing on an inappropriate day in light of this court's Local Rule 230(b). (Doc. No. 20.) Accordingly, the court directed plaintiff to re-notice the motion. (Doc. No. 21.) Instead, plaintiff re-filed the motion in its entirety on January 11, 2021. (Doc. No. 24.) Nevertheless, the court considers the motion to have been filed on January 4, 2021.

2

1997). However, there is authority indicating that *simultaneous* filings do not operate to divest a district court of jurisdiction. *Sanders v. Matthew*, No. 1:15-CV-00395-LJO-EPG, 2016 WL 11486352, at *1 n.1 (E.D. Cal. Mar. 9, 2016) (citing *Barrett v. Oregon*, No. 6:14-CV-01204-HZ, 2015 WL 3823854, at *2 (D. Or. June 19, 2015)). Even if the filing did divest the court of jurisdiction, Federal Rule of Civil Procedure 62.1 permits the court to treat plaintiff's motion as a request for an indicative ruling under the following circumstances:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Fed. R. Civ. P. 62.1(a); *see also Braun–Salinas v. Am. Family Ins. Grp.*, No. 3:13–CV–00264–AC, 2015 WL 128040, at *2 (D. Or. Jan. 8, 2015) (applying Rule 62.1 to a motion for reconsideration filed after a notice of appeal); *Howery v. Boeing Co.*, No. C14-01555 RSM, 2015 WL 4394760, at *2 (W.D. Wash. July 16, 2015) (same). In an abundance of caution, the court will take the route of issuing an indicative ruling here.

**B.  Timeliness of Motion for Reconsideration**

The first issue is whether or not plaintiff's motion for reconsideration was timely. Plaintiff invokes Federal Rule of Civil Procedure 59 as the primary basis for this motion.[2] (Doc. No. 24 at 3.) That Rule requires any such motion to be filed within 28 days of the ruling or judgment from which reconsideration is sought. Fed. R. Civ. P. 59(e). Plaintiff indicates without any explanation that the motion (filed January 4, 2021) was "timely filed no later than 28 days after the entry of the judgment dated December 3, 2020." (Doc. No. 24 at 3.) Defendant argues in reply that the motion is untimely because 28 days from the date of judgment (December 3, 2020) is December 31, 2020. (Doc. No. 25 at 2.) However, this court was under an administrative closure order on December 31, 2020, which rendered that day non-countable as a due date under Federal Rule of Civil Procedure 6(a)(3) ("Unless the court orders otherwise, if the

---

[2] Federal Rule of Civil Procedure 60(b) is offered as an alternative basis for the motion should it be deemed untimely under Rule 59. (Doc. No. 24 at 3.)

3

clerk's office is inaccessible: (A) on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday[.]"). The following day (January 1, 2021) was a legal holiday and likewise could not be counted as a substitute due date under Rule 6(a)(3)(A) and (a)(6) (legal holidays defined). The next business day was January 4, 2021, the day on which the motion was filed. Thus, the motion for reconsideration was timely filed for purposes of Rule 59.

**C.     Rule 59 Reconsideration**

"There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (citation and internal quotation marks omitted).

Plaintiff argues that the court committed "clear error or made an initial decision that was manifestly unjust," for several reasons. (Doc. No. 24.) Of particular note, plaintiff contends that dismissal without leave to amend was inappropriate in light of defendants' alternative request for a more definite statement. (Doc. No. 24 at 7–8.) Put another way, plaintiff maintains that the court should have concluded it was possible that he could plead facts to flesh out his otherwise conclusory donning-and-doffing allegations. (*See id.*)

First, it is important to set forth the relevant standards concerning "clear error" and "manifest injustice" in the context of Rule 59. While courts "have generally not defined what constitutes clear error under Rule 59(e), case law indicates that clear error should conform to a very exacting standard—e.g., a court should have a clear conviction of error." *S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *2 (N.D. Cal. June 9, 2011) (internal citations and quotation marks omitted). Relatedly, "[c]ourts have not specifically defined what constitutes manifest injustice when deciding if altered judgment is appropriate." *Bey v. Malec*, No. 18-CV-02626-SI, 2020 WL 3058336, at *4 (N.D. Cal. June 9, 2020) (internal citation and quotation marks omitted). However, as the district court noted in *Bey*, "courts within the Ninth Circuit

4

often do not consider [manifest injustice] factor explicitly when adjudicating a motion to alter judgment," *id*. (citing *Kona Enters. Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *Sch. Dist. No. 1J, Multnoma County, Or. V. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993)), but instead consider manifest injustice in conjunction with clear error, *id*. (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) and *Sch. Dist. No. 1J*, 5 F.3d at 1263).

With these standards in mind, the court turns to the question of whether dismissal without leave to amend constituted clear error or manifest injustice. In refusing leave to amend, the court was assuming—erroneously so it seems—that plaintiff had abandoned his claims. Failure to oppose does not necessarily require dismissal with prejudice. It is not out of the ordinary for district courts to permit leave to amend under such circumstances, particularly where amendment has not been previously permitted. *Compare Lin v. Select Portfolio Servicing, Inc*., No. CV 16-130-DMG (JPRX), 2016 WL 7444970, at *5 (C.D. Cal. July 6, 2016), *and McAfee v. Francis*, No. 5:11-CV-00821-LHK, 2011 WL 3293759, at *3 (N.D. Cal. Aug. 1, 2011) (granting leave to amend after plaintiff failed to oppose motion to dismiss where the court determined the complaint could be cured by amendment), *with P4C Glob., Inc. v. Pulse Supply Chains Sol., Inc*., No. CV 20-1588 PA (ASX), 2020 WL 5240627, at *4 (C.D. Cal. Aug. 10, 2020) (where plaintiff failed to oppose a portion of a motion to dismiss, refusing to grant leave to amend because plaintiff already had an opportunity to amend and respond to all of the arguments raised in the motion), *and Lackey v. Fed. Express Corp*., No. CV 18-1512-RSWL-JC, 2018 WL 3854161, at *4 (C.D. Cal. Aug. 10, 2018) (where court previously allowed amendment and plaintiff fails to oppose second motion to dismiss and "still fails to allege facts sufficient" to maintain the claim(s) asserted, dismissal without leave to amend is appropriate).[3]

/////

---

[3] Defendants cite two cases, *Way v. JPMorgan Chase Bank*, N.A., No. 2:16-cv-02244-TLN-KJN, 2019 WL 1405599, *1 (E.D. Cal. Mar. 28, 2019), and *Kristensen v. Expansion Capital Grp.*, LLC, No. CV 16-982-JW, *1 (C.D. Cal. July 19, 2016), in opposition to plaintiff's Rule 59 motion. The court also relied on *Kristensen* to support the denial of leave to amend. However, in both cases, the court was considering complaints that had been amended previously. *Kristensen* is therefore not entirely analogous to the present case.

This bifurcated approach—allowing an initial opportunity to amend where not obviously futile, while refusing further opportunities to amend if initial defects are not cured—comports with the jurisprudence applicable to Federal Rules of Civil Procedure 15. Pursuant to Rule 15(a) leave to amend "should [be] freely give[n] when justice so requires." In applying this Rule, a trial court retains discretion, but "must remain guided by the underlying purpose of Rule 15," which is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*). A district court may deny leave to amend a complaint due to "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (brackets in original) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Most of the considerations that would counsel against permitting amendment are not present here. There is no record evidence of bad faith or dilatory motive, and there has been no repeated failure to cure. Similarly, there is no evidence of undue prejudice. "The burden of having to defend a new claim alone is not undue prejudice under Rule 15." *Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *5 (N.D. Cal. Feb. 6, 2013). This is not a situation in which amendment was requested well into the heart of the litigation process. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953–54 (9th Cir. 2006) (affirming the denial of leave to amend fifteen months after plaintiff discovered facts that could have supported new theory, even where eight months of discovery remained, because amendment would have "unfairly imposed potentially high, additional litigation costs on defendants" that could easily have been avoided); *see also Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming the denial of leave to amend where the motion was filed five days before the discovery deadline and proposed amendment would have added additional causes of action that would have required further discovery). Defendant has been required to expend little to no resources on this case since moving to dismiss and a
/////

discovery schedule has not yet been set.  Allowing amendment now would therefore not cause undue prejudice.

The undue delay factor requires some additional consideration.  In the motion for reconsideration, plaintiff's counsel asserts that she "genuinely believed" that she had filed an amended complaint on April 17, 2020, in lieu of an opposition to the motion to dismiss.  (Doc. No. 24 at 8.)  Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), such a filing would have constituted an amendment "as a matter of course" that would not have required leave of court.  Yet, more than seven months passed between the date on which any amended complaint would have been due (in April 2020) and the date on which the court issued its order granting the motion to dismiss (December 2020), without any filings in this matter in the interim.  Had the amended complaint truly been timely filed, an answer or further responsive pleading would have been due during this time.  No such filings occurred, yet plaintiff's counsel took no further action to prosecute this case or even to check to confirm that the amended complaint had been filed.[4] Courts have found much shorter delays to constitute "undue delay" for purposes of Rule 15.  *See, e.g., Sako v. Wells Fargo Bank, Nat. Ass'n*, No. 14CV1034-GPC(JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (waiting approximately two months after discovery of new evidence to file motion to amend constitutes undue delay).  "Undue delay by itself, however, is insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *see also Fisher v. Osmose Utilities Servs., Inc.*, No. 1:18-cv-01704-NONE-EPG, 2020 WL 1046891, at *2 (E.D. Cal. Mar. 4, 2020).  It can be reversible error for a trial court to deny a motion for leave to amend where the district court did not provide a "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment."  *Bowles*, 198 F.3d at 758.  The court can make no such findings here.  As mentioned, there is no showing of prejudice, nor can the court determine that amendment would be futile.  At best, the motion to dismiss established that the complaint was not pleaded with sufficient specificity; defendants did

---

[4] The court is cognizant of the fact that the public health crisis and related court closures did cause considerable delays in adjudication of civil matters in this courthouse, but the record does not suggest how those delays might explain such a lengthy lapse in attention paid to this case by plaintiff's counsel.

not and do not suggest that a sufficient level of detail would be impossible to provide.

Although plaintiff failed to oppose defendants' motion to dismiss and failed to take any action in connection with this case for approximately seven months subsequent to the date on which plaintiff claims to have filed an amended complaint, in light of the authorities discussed above, the court is convinced that in granting the motion to dismiss it should have granted plaintiff leave to file a first amended complaint. This is sufficient to act under the "clear error" prong of Rule 59. As a result of this conclusion, the court finds it unnecessary to address plaintiff's alternative ground for relief under Rule 59.

Accordingly, for the reasons set forth above the court makes the following indicative ruling pursuant to Federal Rule of Civil Procedure 62.1. If the Court of Appeals remands this case in order for the undersigned to rule on the pending motion for reconsideration (or if plaintiff were to voluntarily dismiss the appeal), the court will:

(1) GRANT plaintiff's motion for reconsideration pursuant to Rule 59 (Doc. No. 25);

(2) VACATE the judgment entered December 3, 2020 (Doc. No. 17);

(3) VACATE the order granting defendants' unopposed motion to dismiss (Doc. No. 16) to the extent it precluded leave to amend;

(4) PERMIT plaintiff to file any amended complaint within thirty (30) days of entry of this order; and

(5) DIRECT the Clerk of Court to return this case to its original assignment of "Unassigned DJ."

IT IS SO ORDERED.

Dated: **May 11, 2021**

UNITED STATES DISTRICT JUDGE

8