UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFFI H. KAJBEROUNI,<br><br>Plaintiff,<br><br>v.<br><br>BEAR VALLEY COMMUNITY SERVICES DISTRICT, a California public entity, et al.,<br><br>Defendants. | No. 1:19-cv-01703-DAD-JLT<br><br>ORDER GRANTING MOTION FOR RECONSIDERATION AFTER REMAND<br><br>(Doc. Nos. 20, 24) |

Plaintiff Raffi H. Kajberouni filed this action against defendants Bear Valley Community Services District and the Bear Valley Springs Police Department on December 6, 2019. (Doc. No. 1 ("Complaint").) The Complaint contains one federal claim brought under the Fair Labor Standards Act and one state law claim under California's Private Attorney General Act. (*Id.* at 4–5.) In support of these claims, plaintiff alleged in a single sentence that he "worked for Bear Valley Springs Police Department (BVSPD) and co-employer Bear Valley Community Services District (BVCSD), which required him and other officers to don and doff their uniforms and load their patrol vehicle with artillery, but failed to compensate said officers for such work." (*Id.* at 5.)

On March 3, 2020, defendants moved to dismiss the case under Rule 8(a) of the Federal Rules of Civil Procedure, arguing that the Complaint's allegations "fail[] to meet even the most basic pleading requirements." (Doc. No. 8 at 5.) Plaintiff failed to respond to the motion to

1

1 dismiss.  On December 3, 2021, the court granted defendants' motion based upon plaintiff's lack
2 of response to the pending motion, which the court construed as a non-opposition to the granting
3 of that motion.  (Doc. No. 16 at 2 (citing *See Way v. JPMorgan Chase Bank, N.A.*, No. 2:16-cv-
4 02244-TLN-KJN, 2019 WL 1405599, *1 (E.D. Cal. Mar. 28, 2019) (granting unopposed motions
5 to dismiss where plaintiff filed statement of non-opposition)).)  Because plaintiff failed to oppose
6 the motion to dismiss, the court likewise concluded that plaintiff had failed to advance any basis
7 upon which the court could conclude that his complaint could be cured by amendment.  The court
8 therefore dismissed the action with prejudice.  (*Id*. (citing *Kristensen v. Expansion Capital Grp.,*
9 *LLC*, No. CV 16-982-JW, *1 (C.D. Cal. July 19, 2016) (granting unopposed motion to dismiss
10 with prejudice and without leave to amend based on analogous local rule)).)  The Clerk of the
11 Court entered judgment the same day:  December 3, 2021.  (Doc. No. 17.)

12 Plaintiff filed a notice of appeal from the judgment on January 4, 2021.  (*See* Doc. No.
13 18.)  On the same day (January 4, 2021), plaintiff filed a motion for reconsideration of the court's
14 judgment, arguing, among other things, that the court "committed either a clear error or made an
15 initial decision that was manifestly unjust" by dismissing the complaint with prejudice and
16 without leave to amend and in light of the fact that plaintiff's counsel "genuinely believed" that
17 she had filed an amended complaint in mid-April 2020.  (Doc. No. 24.)  Defendants filed an
18 opposition to the motion for reconsideration.  (Doc. No. 25.)

19 Although there is authority indicating that the *simultaneous* filing of a notice of appeal
20 and a motion for reconsideration do not operate to divest a district court of jurisdiction, *Sanders v.*
21 *Matthew*, No. 1:15-CV-00395-LJO-EPG, 2016 WL 11486352, at *1 n.1 (E.D. Cal. Mar. 9, 2016)
22 (citing *Barrett v. Oregon*, No. 6:14-CV-01204-HZ, 2015 WL 3823854, at *2 (D. Or. June 19,
23 2015)), the undersigned utilized Federal Rule of Civil Procedure 62.1 to treat plaintiff's motion
24 for reconsideration as a request for an indicative ruling.  So construed, the court indicated that, if
25 the matter were remanded to it, the motion for reconsideration would be granted because leave to
26 amend should have been given.  (Doc. No. 26 at 7 ("Although plaintiff failed to oppose
27 defendants' motion to dismiss and failed to take any action in connection with this case for
28 approximately seven months subsequent to the date on which plaintiff claims to have filed an

amended complaint, in light of the authorities discussed above, the court is convinced that in granting the motion to dismiss it should have granted plaintiff leave to file a first amended complaint. This is sufficient to act under the "clear error" prong of Rule 59.").)[1]

On September 10, 2021, the Ninth Circuit remanded the matter to this court for the limited purpose of enabling the district court to consider appellants motion for reconsideration. Accordingly, the court will convert its indicative ruling into its actual ruling. For the reasons set forth in its May 12, 2021 order (*id.*):

(1) Plaintiff's motion for reconsideration pursuant to Rule 59 (Doc. No. 25) is GRANTED;

(2) The judgment entered December 3, 2020 (Doc. No. 17) is VACATED;

(3) The order granting defendants' unopposed motion to dismiss (Doc. No. 16) is VACATED to the extent it precluded leave to amend;

(4) If he wishes to pursue this action, plaintiff is permitted to file any amended complaint within thirty (30) days of entry of this order; and

(5) The Clerk of the Court is directed to return this case to its original assignment of "Unassigned DJ."

IT IS SO ORDERED.

Dated:   **September 14, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

---

[1] The caption on the court's May 12, 2021 order inadvertently indicated that the motion for reconsideration was denied; however, the body of the order clearly indicated that the court was issuing an indicative ruling indicating its intent to grant the motion.